ROTHSCHILD, Acting P. J.
I respectfully dissent. The majority reasons that the resolution of individual claims for monetary damages in a non-opt-out class settlement violates due process. The only authority for that proposition is a two-sentence passage in Wal-Mart Stores, Inc. v. Dukes (2011) 564 U.S._[180 L.Ed.2d 374, 131 S.Ct. 2541] (Wal-Mart). In that passage, the United States Supreme Court observed that “[i]n the context of a class action predominantly for money damages we have held that absence of notice and opt-out violates due process. [Citation.]” (Wal-Mart, supra, 564 U.S. at p._ [131 S.Ct. at p. 2559].) The court followed that observation with this sentence: “While we have never held that to be so where the monetary claims do not predominate, the serious possibility that it may be so provides an additional reason not to read [Federal Rules of Civil Procedure, rule] 23(b)(2) *827 to include the monetary claims here.” (Ibid.) The court’s suggestion that a due process violation is a “serious possibility” in the absence of notice and opt-out rights in a class action involving nonpredominating claims for monetary damages is the sole basis for the majority’s conclusion that the superior court order before us violated due process.
I am not persuaded. First, the relevant sentence of Wal-Mart is not only dictum but also expressly acknowledges that the court has “never held” that lack of notice and opt-out rights in a class action with nonpredominating claims for monetary damages always violates due process. (Wal-Mart, supra, 564 U.S. at p._[131 S.Ct. at p. 2559].) Second, that passage in Wal-Mart is inapplicable here in any event, because it refers to “absence of notice and opt-out” (ibid.), but here class members were given notice and the opportunity to object. Wal-Mart says nothing, even in dictum, about whether the absence of opt-out rights in these circumstances would violate due process. Third, the settlement in this case secures highly valuable benefits for all class members, and those benefits overwhelmingly predominate over objectors’ individual claims for monetary damages, which are probably worthless. Under the circumstances of this case, there is no “serious possibility” (ibid.) that certification of the class and approval of the settlement violates due process.
For all of the foregoing reasons, I would affirm the superior court’s order. I therefore respectfully dissent.
Appellants’ petition for review by the Supreme Court was denied June 11, 2014, S218004.